**FILED**

**JUN - 6 2013**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Margie Brown,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　Civil Action No. *13-845 UNA*
　　　　　　　　　　　　　　　　　)
FBI,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　)
　　　　　　　　　　　　　　　　　)

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a District of Columbia resident, sues the FBI for monetary damages and injunctive relief. The complaint arises out of an alleged investigation of plaintiff. Plaintiff alleges that the FBI agents assigned to her case "have completely abused [their] power and authority," and that she has been "a constant victim of slander, defamation of character and exploitation . . . ." Compl. at 2. In the prolix complaint, plaintiff alleges, among various misdeeds, that the agents shared surveillance footage of her naked in a bathtub with news and radio stations in Baltimore, Maryland, as well as with "Hollywood celebritys [sic]," and the "entire world." *Id.* Plaintiff claims that the agents "turned my life into reality TV," and "went over and beyond the call of duty to publicly humiliate and embarrass me." *Id.* at 2-3. Plaintiff

also alleges that she has "been called everything but the child of God." *Id.* at 2. The complaint continues for many pages in this vein and includes wide-ranging allegations that have no logical connection to the FBI. In the end, plaintiff wants this court to stop the FBI's investigation and surveillance and demands compensatory and punitive damages.

The dubious allegations notwithstanding, jurisdiction is wanting for two basic reasons. First, the FBI's decision to investigate criminal activity is a discretionary act that is not subject to judicial review. *See Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) (citing cases); *Martinez v. U.S.*, 587 F. Supp. 2d 245, 248-49 (D.D.C. 2008) (same). Second, a claim for monetary damages against the United States (or a U.S. agency or agency component) is cognizable for certain misconduct under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Since plaintiff has not indicated that she exhausted her administrative remedies under the FTCA, this case will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

Date: May 23, 2013

United States District Judge